# IN THE COURT OF APPEALS OF IOWA

No. 18-1363
Filed September 23, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BABUS L. CONRAD,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.

Babus Conrad appeals the district court's entry of judgment and sentence

order. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART, JAIL-FEE**

**ORDERS VACATED, AND CASE REMANDED WITH DIRECTIONS.**

Scott M. Wadding of Sease & Wadding, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Babus Conrad pled guilty to possession of a controlled substance (methamphetamine) with intent to deliver and failure to affix a tax stamp. *See* Iowa Code §§ 124.401(b)(7); 124.411; 453B.3; 453B.12 (2017). The district court imposed sentence on July 11, 2018. The order stated, "Court costs are taxed to Defendant." The court did not determine whether Conrad had a reasonable ability to pay anything other than the court-appointed attorney fees. Conrad filed a notice of appeal from "the final judgment entered herein on July 11, 2018."

In September 2018, the Polk County Sheriff filed two applications for reimbursement of room-and-board fees pursuant to Iowa Code section 356.7. The district court granted the applications. Conrad did not file a separate notice of appeal from those orders.

Conrad argues, "[T]he district court erred in requiring [him] to make restitution without first assessing his reasonable ability to pay." The State responds that Conrad cannot challenge the room-and-board orders because he failed to file a notice of appeal from those orders. Conrad counters that the room-and-board orders were part of the criminal proceeding. Both sides also address the merits.

After the parties filed their briefs, the legislature passed Senate File 457, which became effective on June 25, 2020, and significantly alters the restitution and ability-to-pay landscape. *See* 2020 Iowa Acts ch. 1074. The provisions relating to civil claims for reimbursement are as follows:

> Sec. 59. Section 331.659, subsection 1, paragraph a, unnumbered paragraph 1, Code 2020, is amended to read as follows:

A. Except for a civil claim for reimbursement under section 356.7, a sheriff or a deputy sheriff shall not:

Sec. 60. Section 356.7, subsection 2, paragraph i, Code 2020, is amended by striking the paragraph.

Sec. 61. Section 356.7, subsection 4, Code 2020, is amended by striking the subsection and inserting in lieu thereof the following:

4. A claim for reimbursement shall be filed in a separate civil action rather than as a claim in the underlying criminal case.

Sec. 62. Section 602.8102, Code 2020, is amended by adding the following new subsection:

NEW SUBSECTION. 105C. Apply payments made to a civil claim for reimbursement judgment under section 356.7 to court debt, as defined in section 602.8107, in the priority order set out in section 602.8107, subsection 2, if the debtor has delinquent court debt.

Sec. 63. Section 602.8105, subsection 1, Code 2020, is amended by adding the following new paragraph:

NEW PARAGRAPH, *k*. For a civil claim for reimbursement under section 356.7, zero dollars.

The supreme court issued a supervisory order, which pertinently states:

Effective immediately, S.F. 457 removes the ability of the sheriff to seek administrative jail fees allowed under Iowa Code section 356.7 as a part of criminal restitution and requires a county to seek reimbursement for such administrative jail fees through a separately filed civil case. *See* S.F. 457, §§ 59-63. The court orders the following with respect to administrative jail fees:

1. For any order of restitution subject to paragraph A.3. of this supervisory order in which administrative jail fees pursuant to section 356.7 had been ordered as part of a restitution order prior to June 25, 2020, but no ability-to-pay determination had been made, if the defendant requests an ability-to-pay determination under the provisions of paragraph A.3. of this supervisory order, the court shall apply its determination to the administrative jail fees previously ordered. This paragraph B does not impact any civil judgments for administrative jail fees entered in criminal cases prior to June 25, 2020. This paragraph B also does not impact prior restitution orders where paragraph A.3. of this supervisory order does not apply (i.e., the appeal deadline has run).

Iowa Supreme Ct. Supervisory Order, *In the Matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* 4–5 (July 7, 2020).

Confronted with this new legislation and supervisory order, the court of appeals recently stated:

> We have not had the benefit of briefing and argument by the parties concerning the impact of the new legislation and supervisory order on the restitution issues [the defendant] raises. We think it best to vacate the restitution order and remand the matter to the trial court to consider [the defendant's] claims of error in the restitution award in light of [*State v.*] *Albright*, [925 N.W.2d 144 (Iowa 2019)], the new legislation, and the supreme court's July 7 order. We so order.

*State v. Kuuttila*, No. 19-0283, 2020 WL 4814076, at *2 (Iowa Ct. App. Aug. 19, 2020).

We agree with the court's disposition in *Kuuttila*. Although we are faced with a slightly different procedural posture—namely an appeal of a sentencing order and the district court's subsequent approval of two jail-fee applications—we believe the absence of an ability-to-pay determination and the recent legislation and supervisory order may implicate all three orders. We conclude the parties and the district court should have an opportunity to weigh in. Accordingly, we vacate the restitution portions of the district court's sentencing order as well as the two jail-fee orders and remand the matter to the district court to consider Conrad's claims under the new legal landscape.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, JAIL-FEE ORDERS VACATED, AND CASE REMANDED WITH DIRECTIONS.**